UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN LEMBERG,<br>　　　　　Plaintiff,<br>　　v.<br>JPMORGAN CHASE BANK, N.A.,<br>　　　　　Defendant. | Case No.17-cv-05241-JSC<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

Plaintiff filed this personal injury action against Defendant JP Morgan Chase Bank, N.A., in the Superior Court for the County of San Francisco on June 19, 2017. (Dtk. No. 1-1.) Defendant thereafter removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Defendant then moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.) Plaintiff failed to file an opposition to the motion to dismiss and the Court ordered her to show cause as to why this action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Dkt. No. 12.) Plaintiff was given until October 27, 2017 to show cause and simultaneously file her opposition or statement of non-opposition to the motion to dismiss. To date, Plaintiff has neither filed a response to the order to show cause nor the motion to dismiss.[1] Accordingly, this action is DISMISSED without prejudice for failure to prosecute based on Plaintiff's failure to respond to the pending motion to dismiss and this Court's Order to Show Cause. *See* Fed. R. Civ. P. 41(b).

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v.*

---

[1] However, Plaintiff did thereafter file her consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 13.)

*U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to respond to the motion to dismiss and the Court's Order to Show Cause, Plaintiff has delayed adjudication of this action. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff that failure to respond would result in dismissal of this action. (Dkt. No. 8.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement."). The fourth

factor thus weighs in favor of dismissal. The last factor, which favors disposition on the merits, by definition, weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

For the reasons stated above, this action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: November 8, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN LEMBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 17-cv-05241-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ann Lemberg
845 Pine Street
San Francisco, CA 94108

Dated: November 8, 2017

                                             Susan Y. Soong
                                             Clerk, United States District Court

                                           By: /s/ Ada Means
                                           Ada Means, Deputy Clerk to the
                                           Honorable JACQUELINE SCOTT CORLEY

4