UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN LEMBERG,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.17-cv-05241-JSC<br><br>**ORDER REOPENING ACTION AND ADDRESSING PLAINTIFF'S FILINGS**<br><br>Re: Dkt. Nos. 15, 16, 17 |

Plaintiff filed this personal injury action against Defendant JP Morgan Chase Bank, N.A., in the Superior Court for the County of San Francisco and it was later removed to this Court based on diversity jurisdiction. After Plaintiff failed to respond to a motion to dismiss and the Court's orders, the action was dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Plaintiff has since submitted a variety of filings, one of which the Court construes as a motion to reopen under Federal Rule of Civil Procedure 60(b)(1). (Dkt. Nos. 15, 16, 17.) Because Defendant does not oppose the motion and Plaintiff has demonstrated excusable neglect, the motion is GRANTED.

**BACKGROUND**

Plaintiff filed this personal injury action against Defendant JP Morgan Chase Bank, N.A., in the Superior Court for the County of San Francisco on June 19, 2017. (Dtk. No. 1-1.) Defendant thereafter removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Defendant then moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.) Plaintiff failed to respond to the motion to dismiss and the Court issued an order to show cause as to why the action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 12.) Plaintiff

1  failed to respond to the order to show cause or otherwise communicate with the Court and the
2  action was dismissed on November 8, 2017. (Dkt. No. 14.)

On December 22, 2017, Plaintiff filed a document entitled "Oversight of Clerical Error" wherein she contends that she never received notice of the motion to dismiss or other filings and seeks to have her case reinstated. (Dkt. No. 17.) Plaintiff also seeks to withdraw her previously filed consent to having this matter heard by the undersigned magistrate judge. (Dkt. Nos. 13, 16, 17.) On January 3, 2018, Plaintiff filed a "motion to strike last document to the court, in error, and vacate dismissal." (Dkt. No. 15.) Plaintiff again states that she did not receive notice of the motion and that Defendant has been operating in bad faith as she was in settlement discussions with them at the time the motion was filed and they never mentioned it to her or that her case was going to be dismissed for failure to prosecute. (Dkt. No. 15-1.) On January 9, 2018, Defendant filed a statement of non-opposition to Plaintiff's motion to strike the dismissal. (Dkt. No. 18.)

**DISCUSSION**

Rule 60(b)(1) provides for reconsideration upon a showing of mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). In *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997), the Ninth Circuit set out factors which a court should weigh to determine whether missing a filing deadline constitutes "excusable neglect." These include "the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 381. The *Briones* court ultimately held that a pro se plaintiff's failure to timely respond to a motion to dismiss did not necessarily foreclose finding that his neglect was excusable and that judgment against him should be set aside. *Id*. at 382.

There is no "rigid legal rule against late filings attributable to any particular type of negligence." *Mendez v. Knowles*, 556 F.3d 757, 767 (9th Cir. 2009) (internal citations and quotations omitted). Rather, the district court is required to weigh the *Briones* equitable factors on a case-by-case basis. *See id*. In *Mendez*, a mailed notice of appeal arrived to the district court late, but the court found the delay excusable, finding that counsel may still seek relief even when they

2

1 decide to "rely on the vagaries of the mail." *Id*.

Here, Plaintiff has provided a declaration stating that she did not receive the motion to dismiss and was unaware of the Court's order. (Dkt. No. 15-1.) It also appears from Plaintiff's motion that she is now residing at a different address than where the motion to dismiss and the Court's October 12, 2017 Order were sent. Further, Defendant has filed a statement of non-opposition to Plaintiff's motion to reopen. The Court thus concludes that Plaintiff has demonstrated excusable neglect under Rule 60(b)(1). Accordingly, Plaintiff's motion to reopen pursuant to Federal Rule of Civil Procedure 60(b)(1) is granted.

The Court construes Plaintiff's motion to strike as seeking to strike her withdrawal of consent to having this case assigned to the undersigned magistrate judge and her request for reassignment. Even if this were not the case, the Court would deny the motion to withdraw consent as Plaintiff previously consented to the jurisdiction of the undersigned magistrate judge. (Dkt. No. 13.) Consent to magistrate-judge jurisdiction can only be withdrawn for good cause or under extraordinary circumstances. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Indeed, "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Id*. Here, Plaintiff has not shown good cause or extraordinary circumstances warranting the withdrawal of her consent.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to reopen pursuant to Rule 60(b)(1) is GRANTED. The Clerk shall reopen this action. **Plaintiff shall file her opposition to the motion to dismiss or an amended complaint on or before February 2, 2018. If Plaintiff fails to do so, the action will again be dismissed with prejudice for failure to prosecute.**

As Plaintiff is proceeding pro se, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding her claims.

Finally, Plaintiff is warned of her continuing duty to notify the Court of her address

3

changes. *See* N.D. Cal. Civ. R. 3-11. The Clerk shall mail this Order both to the address on file: 845 Pine Street, San Francisco, California 94108, and to the address reflected on her most recent filing: 601 Van Ness Ave. E744. San Francisco, California 94102. Plaintiff shall notify the Court within five days of her current address.

**IT IS SO ORDERED.**

Dated: January 11, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge