UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN LEMBERG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendant. | Case No.17-cv-05241-JSC<br><br>**ORDER RE DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 7 |

Plaintiff filed this personal injury action against Defendant JP Morgan Chase Bank, N.A., in the Superior Court for the County of San Francisco and it was later removed to this Court based on diversity jurisdiction. Defendant's Motion to Dismiss is now pending before the Court.[1] (Dkt. No. 7.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion to dismiss with leave to amend. As currently pled, Plaintiff fails to state a claim for negligence, premises liability, or product liability.

**BACKGROUND**

Plaintiff alleges that her finger was seriously injured when using an ATM machine at the Chase Bank branch at 500 Van Ness Ave., San Francisco, California on June 20, 2016. (Complaint (Dkt. No. 1-1) at 5.[2]) As a result of her injury, Plaintiff suffered impairment of her right hand as well as hospital and medical expenses. (*Id.*)

Plaintiff subsequently filed this personal injury action against Defendant JP Morgan Chase

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 13 & 16.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1 Bank, N.A., in the Superior Court for the County of San Francisco. (Dkt. No. 1-1.) Her complaint alleges claims for (1) general negligence, (2) products liability, and (3) premises liability. (*Id.* at 5.) Defendant removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Defendant then moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.) After Plaintiff failed to respond to the motion to dismiss and an order to show cause regarding the same, the Court dismissed the action for failure to prosecute. (Dkt. No. 14.) Shortly thereafter, Plaintiff filed a motion to reopen the action based on excusable neglect which the Court granted. (Dkt. Nos. 15, 19.) Plaintiff also filed an opposition to the motion to dismiss. (Dkt. No. 20.)

**JURISDICTION**

Defendant based its removal on diversity jurisdiction under 28 U.S.C. § 1332. To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000 and each defendant must be a citizen of a different state from each plaintiff. *See* 28 U.S.C. § 1332; *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Here, the amount in controversy exceeds $75,000 because Plaintiff pleads damages in the amount of $250,000. (Dkt. No. 1-1 at 5.) The diversity of citizenship requirement is likewise satisfied because Plaintiff is a resident of California and Defendant is a citizen of Ohio where its main office is located. (Dkt. No. 1 at ¶ 7.)

**DISCUSSION**

Defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted.

**A. Negligence and Premises Liability**

The elements of a negligence and premises liability claim are the same: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016). "Premises liability is grounded in the possession of the premises and the attendant right to control and manage the premises; accordingly, mere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act." *Id*. (internal citation and quotation marks omitted). While the allegations

of Plaintiff's complaint fail to plead the elements of a negligence claim or a premises liability claim, Plaintiff's opposition to the motion to dismiss and the declaration submitted therewith demonstrate that she can plead the necessarily elements of these claims; namely, that she was injured using an ATM machine at the Chase Bank at 500 McAllister Street in San Francisco because the machine was poorly maintained.[3] Plaintiff is granted leave to amend her complaint to include these allegations.

**B. Products Liability**

A plaintiff may seek recovery in a products liability case either on the theory of strict liability in tort or on the theory of negligence. *See Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 478 (2001). A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a person. *See Anderson v. Owens–Corning Fiberglas Corp.*, 53 Cal.3d 987, 994 (1991). California recognizes three types of product defects under a strict liability theory—manufacturing defects, design defects, and warning defects (inadequate warnings or failure to warn). *Id.* at 995.

To prevail on a negligence products liability claim, a plaintiff must show that the defendant owed her a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of his injuries. *Merrill*, 26 Cal.4th at 477. Under a negligence theory, as opposed to strict liability in tort, the plaintiff must prove the additional element "that the defect in the product was due to negligence of the defendant." *Id.* at 479; *see also id.* at 485 ("'[S]trict products liability differs from negligence in one key respect: it obviates the need for a plaintiff to show a manufacturer knew or should have known of the risk posed by his product—i.e., whether the manufacturer acted reasonably.'")

Here, Plaintiff simply checked the box for "products liability" at the same time she checked the box for "general negligence" and "premise liability" on her state court complaint form. (Dkt. No. 1-1 at 5.) However, Plaintiff has not included any allegations that suggest that Defendant could be subject to strict or negligence based products liability for an injury she

---

[3] Although the complaint lists the address as 500 Van Ness, Plaintiff's opposition lists the address as 500 McAllister. The amended complaint shall specify which address is correct.

3

received using the ATM.  For example, Plaintiff has not alleged that Defendant manufactured the ATM or otherwise had control over the product such that it could be liable under a products liability theory.  It is not sufficient for Plaintiff to allege that she was injured through normal use of the product.  *See Hennigan v. White*, 199 Cal. App. 4th 395, 404 (2011).  Further, a bare allegation that a product is defective is an insufficient legal conclusion.  *See Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010) (outlining the pleading requirements for a strict liability claim under each of the three strict liability theories); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Accordingly, Plaintiff's products liability claim is likewise dismissed with leave to amend to the extent that she can plead the necessary elements of a product liability claim.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED.  (Dkt. No. 7.)  Plaintiff shall file her first amended complaint within 21 days of the date of this Order.

As Plaintiff is proceeding pro se, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants.  Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding her claims.

The initial Case Management Conference is set for May 10, 2018 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California.  A Joint Case Management Conference Statement is due May 3, 2018.

**IT IS SO ORDERED.**

Dated: February 26, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4