United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN LEMBERG,<br>　　　　Plaintiff,<br>　v.<br>JP MORGAN CHASE BANK, N.A.,<br>　　　　Defendant. | Case No.17-cv-05241-JSC<br><br>**ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 27 |

Plaintiff filed this personal injury action against Defendant JP Morgan Chase Bank, N.A., in the Superior Court for the County of San Francisco and it was later removed to this Court based on diversity jurisdiction. The Court previously granted Defendant's motion to dismiss concluding that Plaintiff's complaint failed to adequately allege a claim upon which relief could be granted. (Dkt. No. 21.) Defendant's motion to dismiss the first amended complaint is now pending before the Court. (Dkt. No. 27.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the June 14, 2018 hearing, and GRANTS IN PART and DENIES IN PART the motion to dismiss. Plaintiff has adequately pled a claim for negligence, but fails to plead a viable products liability claim.

## BACKGROUND

### A. First Amended Complaint (FAC) Allegations

Plaintiff suffered a crush injury to her right long finger in an ATM machine that was poorly maintained on the Chase Bank Premises at 500 McAllister Street.[1] (Dkt. No. 23 at 1.[2])

---

[1] Plaintiff's original complaint indicated that this injury occurred on June 20, 2016. (Dkt. No. 1. at 5.)

The injury occurred when the ATM closed swiftly on her hand while she was attempting to remove a twenty dollar bill. (*Id.*) Although she cried out in pain when the injury occurred, it took the banker on duty a half hour to respond. (*Id.*) The banker later apologized for his "lackluster behavior." (*Id.*) When she went to the emergency room, she was told to "ice it and brace it and let it heal." (*Id.*) As a result of her injury, Plaintiff suffered impairment of her right hand as well as hospital and medical expenses. (*Id.* at 1, 3.) The premise where Plaintiff's injury occurred has had "numerous security breaches." (*Id.* at 1.) Chase has a contract with National Case Register Company to supply the ATM machines. (*Id.*)

### B. Procedural Background

Approximately a year after her injury, Plaintiff filed this personal injury action against Defendant JP Morgan Chase Bank, N.A., in the Superior Court for the County of San Francisco. (Dkt. No. 1-1.) Her complaint alleged claims for (1) general negligence, (2) products liability, and (3) premises liability. (*Id.* at 5.) Defendant removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Defendant then moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.) After Plaintiff failed to respond to the motion to dismiss and an order to show cause regarding the same, the Court dismissed the action for failure to prosecute. (Dkt. No. 14.) Shortly thereafter, Plaintiff filed a motion to reopen the action based on excusable neglect which the Court granted. (Dkt. Nos. 15, 19.) Plaintiff also filed an opposition to the motion to dismiss. (Dkt. No. 20.) The Court granted Defendant's motion to dismiss and gave Plaintiff until March 19, 2018 to file her amended complaint. (Dkt. No. 21.)

On April 2, 2018, Plaintiff filed her amended complaint accompanied by a motion for leave to file her amended complaint late. (Dkt. Nos. 22 & 23.) The FAC alleges three claims for relief for (1) negligence, (2) personal injury, and (3) products liability negligence.[3] (Dkt. No. 23.)

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[3] It is not clear whether Plaintiff pleads two or three claims for relief. Under the heading "second claim for relief" Plaintiff lists both "personal injury" and "product liability negligence." (Dkt. No. 23 at 3.) Because Plaintiff is proceeding pro se, the Court liberally construes her FAC as pleading three claims for relief.

1  The Court granted Plaintiff's motion to file her complaint late and set a date for Defendant to file
2  its responsive pleading. (Dkt. No. 25.) Defendant thereafter filed the now pending motion to
3  dismiss the first amended complaint. (Dkt. No. 27.)  Plaintiff has filed several documents since
4  which the Court construes in part as her opposition to the motion to dismiss.[4]  (Dkt. No. 42.)

## JURISDICTION

Defendant based its removal on diversity jurisdiction under 28 U.S.C. § 1332. To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000 and each defendant must be a citizen of a different state from each plaintiff.  *See* 28 U.S.C. § 1332; *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008).  Here, the amount in controversy exceeds $75,000 because Plaintiff pleads damages in the amount of $5,000,000.  (Dkt. No. 23 at 3.)  The diversity of citizenship requirement is likewise satisfied because Plaintiff is a resident of California and Defendant is a citizen of Ohio where its main office is located. (Dkt. No. 1 at ¶ 7.)

## DISCUSSION

Defendant moves to dismiss the FAC for failure to state a claim upon which relief can be granted.

### A. Negligence and Personal Injury

The elements of a negligence claim are: (1) the existence of a duty to exercise due care; (2) breach of that duty; (3) causation; and (4) damage. *See, e.g.*, *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001).  Plaintiff's FAC adequately pleads the elements of a negligence claim; namely, that she was injured by an ATM on the Chase Bank premises at 500 McAllister Street that was poorly maintained.  Plaintiff's second claim for relief based on "personal injury" is subsumed within the negligence claim: her personal injury is the injury alleged to have occurred as a result of Defendant's negligence.

Defendant's insistence that Plaintiff's negligence claim fails because it did not owe

---

[4] Because Plaintiff is proceeding pro se, the Court construes her recent filings, while not captioned as her opposition to the motion to dismiss, as her opposition. (Dkt. Nos. 37 & 41.)  The Court will thus not consider Defendant's argument that its motion should be granted for failure to file an opposition.

3

Plaintiff a duty of care is unavailing. Banks—just like stores—"owe [their patrons] a duty to exercise reasonable care in keeping the premises reasonably safe." *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). A store owner exercises reasonable care by "making reasonable inspections of the portions of the premises open to customers." *Id*. "Because the owner is not the insurer of the visitor's personal safety, the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability." *Id*. at 1206 (internal citation omitted). However, "the plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence"; instead, "if the condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury." *Id*. Here, Plaintiff alleges that Chase has "had numerous security breaches, management problems and did not have a proper atm area at this Chase branch. Compared to other branches it appears substandard." (Dkt. No. 23 at 2.) This is adequate to state a claim for negligence based on Defendant's failure to maintain and/or protect its patrons from a known dangerous condition with respect to the ATM. Defendant's attempt to recast Plaintiff's tort claim as one lying in contract based on her allegation that Chase has a "contractual obligation to me as a customer" is unpersuasive—when the FAC is read as a whole, it is clear that Plaintiff is alleging that she was injured by the ATM which was poorly maintained by Chase. (Dkt. No. 23 at 2.)

Accordingly, Defendant's motion to dismiss the negligence claim is DENIED.

**B. Products Liability**

Plaintiff has not, however, adequately pled a claim for products liability. A plaintiff may seek recovery in a products liability case either on the theory of strict liability in tort or on the theory of negligence. *See Merrill*, 26 Cal. 4th at 478. "Under either a negligence or a strict liability theory of products liability, to recover from a manufacturer, a plaintiff must prove that a *defect* caused injury." *Id*. at 479 (emphasis added).

Here, Plaintiff alleges "product liability negligence for archaic and improperly serviced and timed machines on the premises where I suffered a personal injury to my hand from the Chase Machines." (Dkt. No. 23 at 3.) Nowhere does Plaintiff allege that the ATM was defective;

4

instead, she repeatedly alleges that it was "poorly maintained." Indeed, Plaintiff goes so far as to allege that "if [Chase] choose not to maintain the equipment they purchase and are supposed to maintain, that is a Chase problem, not a product liability issue." (*Id*. at 2.) Plaintiff's claim thus lies in negligence and not in products liability.

Accordingly, Defendant's motion to dismiss Plaintiff's products liability claim is GRANTED. Given that Plaintiff was previously granted leave to amend her products liability claim to allege that a defect in the ATM caused her injury and she has not done so, the Court concludes that further leave to amend would be futile and dismisses the product liability claim with prejudice.

### C. Defendant's Motion to Strike Allegations regarding Settlement Discussions

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010). Striking is appropriate if it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). However, motions to strike "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution of the merits." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). A decision to strike material from the pleadings is vested to the sound discretion of the trial court. *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).

Here, Defendant moves to strike portions of the FAC which refer to Defendant's conduct and statements made in compromise negotiations as "immaterial, impertinent, and scandalous" under Rule 12(f), and as inadmissible settlement communications pursuant to Rule 408 of the Federal Rules of Evidence. Defendant's motion to strike is DENIED. To the extent that the FAC refers to settlement communications, these may not be used to prove the validity of a disputed claim, but they may be admissible for another purpose; namely, to demonstrate a course of conduct. *See Am. Gen. Life Ins. Co. v. James*, No. C-14-04242 DMR, 2015 WL 730010, at \*6

(N.D. Cal. Feb. 19, 2015). However, Plaintiff is cautioned to refrain from including settlement related information in her pleadings.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff has adequately alleged a claim for negligence. Defendant shall file its answer within 21 days of the date of this Order.

The Initial Case Management Conference remains set for July 12, 2018 at 1:30 p.m. The parties shall file a Joint Case Management Conference Statement by July 5, 2018.

**IT IS SO ORDERED.**

Dated: June 1, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge