UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN LEMBERG,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.17-cv-05241-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 114 |

Defendant's motion to compel Plaintiff to complete a release for medical records held by The Hand Center of San Francisco relating to any treatment Plaintiff may have received from Dr. Patrick Lang is now pending before the Court. (Dkt. No. 114.) Having considered the parties' submissions the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the March 7, 2019 hearing, and GRANTS Defendant's motion to compel.

Although Plaintiff executed a release for the at-issue records when present in Court on January 17, 2019, Plaintiff has since informed Defendant that she is withdrawing her release. Plaintiff appears to now contend that she consulted with Dr. Lang as a potential expert such that any communications would be privileged. (Dtk. No. 120.) However, Plaintiff's statement that she consulted Dr. Lang as a potential expert is contradicted by the January 8, 2019 letter she wrote to Dr. Lang which is attached to Defendant's motion. (Dkt. No. 115-1.) In that letter, Plaintiff states that she "saw [Dr. Lang] for a consultation many months ago and clearly explained I suffered a debilitating injury from a crush accident at Chase Bank… [and that she] was seen emergently and afterwards." (*Id*. at 2.) Plaintiff's opposition brief does not address this letter and instead insists that Dr. Lang did not take measurements and did not chart or evaluate her hand in any formal way as any other professional hand surgeon would have. (Dkt. No. 120.) Plaintiff concludes that she

should not have to disclose "privileged information" from Dr. Lang. (*Id*. at ¶ 4.)

Plaintiff, however, has failed to establish that her records with Dr. Lang are privileged. First, Plaintiff's letter suggests that she saw Dr. Lang as a treating physician and not as an expert. In personal injury cases such as this, a plaintiff is required to disclose relevant medical records under Federal Rule of Civil Procedure 26(a). Second, Plaintiff's treatment records with Dr. Lang would only be subject to a claim of privilege if she "retained or specially employed" him under Federal Rule of Civil Procedure 26(b)(4). Plaintiff, however, has not disclosed Dr. Lang as either a retained or specially employed expert. As such, Plaintiff has failed to demonstrate that her records with Dr. Lang are subject to a claim of privilege.

Accordingly, Defendant's motion to compel is GRANTED. (Dkt. No. 114.) On or before March 7, 2019, Plaintiff shall provide Defendant with a medical records release akin to that she previously executed on January 17, 2019.

**IT IS SO ORDERED.**

Dated: February 21, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge