LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Kinga L. Wright (SBN 313827)
kinga.wright@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Donald Frechette (Connecticut SBN 308309)
donald.frechette@lockelord.com
20 Church Street, 20th Floor
Hartford, CT  06103
Telephone: (860) 525-5065
Fax: (860) 527-4198
(appearance *pro hac vice*)

Attorneys for Defendant
JPMorgan Chase Bank, N.A. (incorrectly sued as Chase Bank)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Ann Lemberg, 845 Pine St, SF, CA  94108, | CASE NO.:  3:17-cv-05241-JSC |
| Plaintiff, | **JPMORGAN CHASE BANK, N.A.'S NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR SANCTIONS RESULTING FROM PLAINTIFF'S REPEATED REFUSALS FOLLOWING THIS COURT'S ORDER TO PROVIDE A MEDICAL RECORDS RELEASE** |
| vs. | |
| Chase Bank, 500 Van Ness Ave, 94102, | |
| Defendant. | |
| | Date:        March 12, 2019<br>Time:        9:00 a.m.<br>Courtroom:   F – 15th Floor |
| | Complaint Filed:  June 19, 2017 |
| | Trial: May 20, 2019 |

1

JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND EX PARTE MOTION FOR SANCTIONS
*Lemberg v. Chase Bank*. Case No. 3:17-cv-05241-JSC

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF ANN LEMBERG:**

**PLEASE TAKE NOTICE** that on March 12, 2019, at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant JPMorgan Chase Bank, N.A. (incorrectly sued as Chase Bank) ("JPMC") will and hereby does move this Court for an order sanctioning plaintiff Ann Lemberg for her failure to provide a medical records release for The Hand Center of San Francisco ("The Hand Center") by dismissing the action.

The motion is made, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), on the grounds that plaintiff has failed to comply with this Court's order granting JPMC's motion to compel. ECF No. 125. Plaintiff has repeatedly refused to provide the release. ECF Nos. 126, 128. Plaintiff's refusal is the latest in a string of discovery non-compliance.

This motion is based on this Notice of Ex Parte Motion and Ex Parte Motion and the concurrently filed Memorandum of Points and Authorities.

Dated: March 8, 2019              Respectfully submitted,

                                  LOCKE LORD LLP


                                  By:  */s/ Kinga L. Wright*
                                       Donald Frechette
                                       Kinga L. Wright
                                  Attorneys for Defendant
                                  JPMorgan Chase Bank, N.A. (incorrectly sued as Chase Bank)

**Locke Lord LLP**
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

JPMC submits this motion for sanctions against plaintiff ("Motion") for her failure to provide a medical records release for The Hand Center by dismissing the action. Plaintiff refuses to provide the release despite being ordered by this Court to do so. JPMC will sustain actual and substantial prejudice in this matter from the denial of this release and The Hand Center's records.

## II.   STATEMENT OF RELEVANT FACTS

On January 8, 2019, it came to JPMC's attention that plaintiff was previously treated by another doctor, Dr. Patrick O. Lang, at The Hand Center. Wright Decl. ¶ 2, Ex. 1, ECF No. 115. Neither plaintiff nor The Hand Center stated at that time that Dr. Lang was seen by plaintiff for the purpose of potentially retaining him as a hand expert. *Id.* ¶ 3. Indeed, plaintiff herself characterized her visit with Dr. Lang as a consultation. *Id.*, Ex. 1. Further, Dr. Lang has not been retained by plaintiff as an expert in this case, and his office has specifically disclaimed that he was seen for that purpose by plaintiff. *Id.* ¶¶ 4, 7.

At the hearing on January 17, 2019, "Plaintiff confirmed that she had provided all documents responsive to Defendant's document requests except … any medical records for Dr. Lang, for which plaintiff signed a release at the hearing." Order Jan. 17, 2019 ¶ 1(a), ECF No. 108; Wright Decl. ¶ 5, Ex. 2, ECF No. 115. On January 18, 2019, plaintiff called JPMC's counsel to rescind the release. Wright Decl. ¶ 6, Ex. 3, ECF No. 115. Plaintiff said that she was rescinding the release because she had seen Dr. Lang as a potential expert and not for treatment. *Id.* JPMC's counsel informed plaintiff that it would be filing a motion to compel, and plaintiff responded, "Do whatever you want." *Id.* ¶ 8, Ex. 4.

The parties fully briefed JPMC's motion to compel (ECF Nos. 114, 115, 120 – 123) and the Court, having considered the parties' submissions, granted the motion to compel on February 21, 2019. ECF No. 125. The Court found that Plaintiff failed to establish that her records with Dr. Lang are privileged. *Id.* at 2:2. Thus, the Court ordered plaintiff to provide JPMC with a medical records release for The Hand Center on or before March 7, 2019. *Id.* at 2:10 – 12.

1     Instead of complying with this Court's order, plaintiff has submitted filings merely
2  disagreeing with the order and repeating the arguments that the Court rejected the first time. ECF
3  Nos. 126, 128; *see* ECF No. 127. Further, plaintiff's most recent filing includes a letter from Dr.
4  Lang which confirms that he saw her for a hand surgery consultation and that "[n]o medical legal
5  services were requested nor rendered." ECF No. 128 at 3. The parties' deadline to file a motion for
6  summary judgment is March 14, 2019. ECF No. 108.

## III.   LEGAL ARGUMENT

The court has discretion to sanction a disobedient party by terminating the action by dismissal. Fed. R. Civ. P. 37(b)(2)(v). Dismissal may be ordered only in circumstances of willful disobedience, bad faith, or fault of the party. *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). All that is required to demonstrate "willfulness" or "bad faith," however, is "disobedient conduct *not shown to be outside the control of the litigant*." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (emphasis added) (delay and failure to appear resulting from party being out of town and "misunderstandings" with own counsel are not outside party's control). It is undisputed here that the failure to comply with the orders is knowing and deliberate and not outside plaintiff's control, and, therefore "willful."

"Five factors must be considered before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988). Terminating sanctions are properly issued absent prior imposition of lesser sanctions, where a party's willful bad conduct shows that lesser sanctions would be "pointless." *Hester v. Vision Airlines, Inc.* 687 F.3d 1162, 1169-1170 (9th Cir. 2012). The outcome usually depends on the third and fifth factors. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).

The Court should dismiss the action based on Plaintiff's continued refusal to provide the release; she has continued to refuse even after the Court has ordered her *twice* to do so in addition to her duty to provide all relevant matter in discovery. ECF Nos. 108, 125. The record contains

substantial evidence of long and unjustified delays in responding to discovery requests and noncompliance with judicial orders.  *See* ECF Nos. 82, 83, 122, 123.  This evidence is relevant to the expeditious resolution of litigation, docket management, and prejudice. *See Toth*, *supra*.  Additionally, "failure to produce documents as ordered … is considered sufficient prejudice." *Computer Task Group, Inc. v. Brotby*, 364 F3d 1112, 1116 (9th Cir. 2004).  Plaintiff's persistent refusal to provide the release also shows that less drastic sanctions are not available and would be "pointless."  Thus, each of the factors are easily satisfied for imposing a sanction of dismissal in these circumstances.

Dismissal is especially appropriate where a "pattern of deception and discovery abuse" make it impossible for a court to conduct a trial "with any reasonable assurance that the truth would be available. It is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct." *Anheuser–Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 352 (9th Cir.1995); *see also Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1058 ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate.").  Plaintiff's pattern of discovery abuse will make it impossible for the Court to conduct a trial with any reasonable assurance that the truth will be available, especially in light of plaintiff's failure to produce all of her medical records.  Considering plaintiff's absolute refusal to provide the release, it is a reasonable inference that it contains discoverable information harmful to plaintiff's case. *See Valley Engineers*, *supra*.  As there cannot be an assurance of proceeding to trial on the complete and true facts, a case dispositive sanction is appropriate.

## IV.  CONCLUSION

For all of these reasons, JPMC respectfully requests that the motion for sanctions be granted and that the action be dismissed.  In the event that the Court orders a stay of the proceedings (for a short period of time) until plaintiff provides the release, JPMC requests that *its* deadline (and not plaintiff's) for filing a motion for summary judgment be extended and that the trial date be postponed for a like number of days.  Plaintiff should not stand to benefit from her willful misconduct.

| | |
|---|---|
| Dated:  March 8, 2019 | Respectfully submitted, |
| | LOCKE LORD LLP |
| | By:  */s/ Kinga L. Wright* |
| | Donald Frechette |
| | Kinga L. Wright |
| | Attorneys for Defendant |
| | JPMorgan Chase Bank, N.A. (incorrectly sued as Chase Bank) |